WILLIE M., a minor; Jeanette M., a minor; Tom H., a minor; Timothy B., a minor, all by their next friend, Albert Singer, on behalf of themselves and all others similarly situated, Appellees,

v.

James B. HUNT, Jr., Governor, State of North Carolina; Sarah T. Morrow, Secretary, Department of Human Resources, State of North Carolina; A. Craig Phillips, State Superintendent of Public Instruction, State of North Carolina; David Bruton, Chairman, North Carolina State Board of Education; Hosea C. Brower, Director, Samarkand Manor, Division of Youth Services, Department of Human Resources; C.B. Hayslett, Director; Field Montgomery, Director; John A. Williams, State Budget Officer; J.A. Porter, Controller; George Bason, District Court Judge; Larry T. Black, District Court Judge; Bill J. Martin, Judge, 25th Judicial District, Appellants.

No. 83–1565.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1984.

Decided April 19, 1984.

Steve Mansfield Shaber, Asst. Gen. Counsel, Raleigh, N.C. (Rufus L. Edmisten, Atty. Gen., William F. O'Connell, Sp. Deputy Atty. Gen., Wilson Hayman, Asst. Atty. Gen., Raleigh, N.C., on brief) for appellants.

J. Jerome Hartzell, Raleigh, N.C. (Akins, Mann, Pike & Mercer, P.A., Raleigh, N.C., Sandra L. Johnson, Johnson & Johnson, Lillington, N.C., on brief), for appellees.

Before WINTER, Chief Judge, WIDENER, Circuit Judge, and PECK,* Senior Circuit Judge.

HARRISON L. WINTER, Chief Judge:

A class action brought to litigate the rights to treatment and education of a class of mentally, emotionally and neurologically impaired or violent minors resulted in the entry of a consent judgment. Counsel for plaintiffs sought fees pursuant to 42 U.S.C. § 1988, for their services up to entry of the consent judgment. They were awarded $160,000.00, plus expenses, 90 F.R.D. 601, and we sustained the award on appeal. *Willie M. v. Hunt,* 681 F.2d 818 (4 Cir. 1982).[1]

As was contemplated by the consent judgment, counsel continued to render legal services in monitoring performance by

---

* Honorable John W. Peck, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. In No. 81–1570, counsel also cross-appealed, urging that the allowance to them should have been increased by a fee "bonus" or "multiplier." We declined to decide this issue without prejudice to its later renewal. This issue is not presented in the instant appeal.

defendants. In addition, two questions arose with respect to the interpretation of the judgment and further litigation ensued. Plaintiffs were unsuccessful in the district court on one question and unsuccessful before us on the other. *Willie M. v. Hunt,* 657 F.2d 55 (4 Cir.1981). Nonetheless, the district court granted a motion for the award of counsel fees for services in the litigation regarding interpretation of the consent judgment in addition to the continuing services which were rendered as contemplated. 564 F.Supp. 363. The additional award was in the total sum of $91,-742.56 (attorneys' fees of $87,740.00 and expenses of $4,002.56).

It is from the order making the additional award that defendants take this appeal. We reverse in part and affirm in part, remanding for recomputation of the award.

## I.

The nature of the original litigation and the circumstances under which the consent judgment was entered as well as its terms and provisions are set forth in detail in *Willie M. v. Hunt,* 657 F.2d 55 (4 Cir.1981) and need not be repeated here at length. For present purposes it suffices to say that the original suit was a class action on behalf of emotionally disturbed children who were involuntarily committed to various treatment facilities and training schools in North Carolina. The object of the suit was to obtain, by declaratory and injunctive relief under the Education for All Handicapped Children Act, 20 U.S.C. §§ 1411 *et seq.,* § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and various provisions of the federal constitution and North Carolina statutes, appropriate treatment programs which were allegedly not being provided. During the course of litigation, the parties settled the suit. In essence, the settlement required North Carolina to provide appropriate treatment and a free appropriate education to a defined class of minors. The settlement also established a continuing independent panel of experts in treatment and education to review and make recommendations with respect to identification and evaluation of members of the plaintiff class and development of appropriate treatment and education plans and programs for them. As has been stated earlier, counsel were awarded fees and expenses for their services to this point in the litigation.

As the settlement became operative, plaintiffs' counsel rendered substantial services in monitoring defendants' compliance and the functioning of the review panel. In addition, two questions about the scope of the defined class were raised by the panel. One was whether individuals who otherwise met all criteria for membership in the class were members of the class when they were confined in an institution administered by the North Carolina Department of Correction. The other was whether members of the class who reached age eighteen before defendants could provide them with the benefits of the settlement would, nevertheless, be entitled to those benefits.

Because the parties could not agree on their resolution, both questions were litigated, the first by joint motion of the parties and the second at the instance of plaintiffs. The district court ruled that the first question should be answered in the affirmative as plaintiffs contended, but this ruling was reversed on appeal. *Willie M. v. Hunt,* 657 F.2d 55, 56 (4 Cir.1981). The district court ruled that the second question should be answered in the negative, and no appeal was taken by plaintiffs. It is for professional services and expenses in litigating these two questions that a part of the second fee award was made. The balance of the award is attributable to counsels' other services in monitoring defendants' compliance and the functioning of the panel. Defendants now appeal from the order making the second award.

## II.

We consider first the part of the award attributable to litigation of the two questions raised by the review panel. Although plaintiffs were prevailing parties in the underlying litigation so as to justify the first

fee award and although they may well prevail in subsequent aspects of the litigation, it is manifest that they were not the prevailing parties in the litigation of the two questions for which the second fee award was made. The controlling authority on the proper allowance of fees under 42 U.S.C. § 1988 when a party has prevailed on some but not all issues raised by them in civil rights litigation is *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). That case,[2] *inter alia*, established at least one test for excluding time expended and expenses incurred with respect to issues on which the plaintiff did not prevail from any fee award. We believe that this test, set forth in the following language, is dispositive:

> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants—often an institution and its officers, as in this case —counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." *Davis v. County of Los Angeles*, 8 EPD § 9444, at 5049 (CD Cal 1974). The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim. (footnote omitted) 461 U.S. at ——, 103 S.Ct. at 1940, 76 L.Ed.2d at 51.

■ We view the award in this case for litigation of the class definition questions to be for claims distinctly different from the underlying lawsuit and arising after the main civil rights issues were settled by agreement of the parties with judicial imprimatur. Here, "[t]he issue before the district court was the proper construction of a disputed provision in a consent judgment." *Willie M. v. Hunt*, 657 F.2d at 59. As we pointed out in that appeal, the resolution of the dispute was to be accomplished by resort to the:

> ... two cardinal principles for interpreting the consent judgment here in issue. First, that its meaning is properly to be sought within the confines of the judicially approved documents expressing the parties' consent. Second, that its meaning is to be sought in what is there expressed and not in the way it might have been written had the plaintiffs established their full rights in litigation or if it had been written to satisfy the purposes of only one of the parties to it. 657 F.2d at 60.

In short, the interpretation of this consent judgment was akin to a question of contract interpretation; it was not inextricably intermingled with the original claims in the lawsuit; professional services for conducting this litigation were not compensable under 42 U.S.C. § 1988.

■ We reject plaintiffs' argument, relied on by the district court, that an ethical obligation on counsel to submit the questions of interpretation to the court and to urge constructions rejected by the district court and by us, respectively, somehow entitled them to compensation. Any duty to litigate arose, in our view, from a failure

---

**2.** *Hensley* rejected the views of some courts of appeals that plaintiffs should not recover fees for any work on unsuccessful claims, and others, that prevailing plaintiffs should generally receive a fee for time spent on all nonfrivolous claims, and held that a plaintiff only partially successful may still be compensated under certain conditions:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained. 461 U.S. at ——, 103 S.Ct. at 1943, 76 L.Ed.2d at 54–55.

on the part of counsel to formulate a consent judgment that clearly and unambiguously defined the plaintiff class that it was designed to benefit. That duty therefore arose from the fact that counsel was not totally effective in formulating language that was self-executing. Contrasted to that duty is another ethical obligation of no less importance, namely that counsel seeking statutory compensation should exclude from a fee request "hours that are excessive, redundant, *or otherwise unnecessary,* just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission (emphasis added)." 461 U.S. at ——, 103 S.Ct. at 1940, 76 L.Ed.2d at 51. Had counsel envisioned the problem of interpretation in drafting the operative documents, the interpretation litigation would have been completely unnecessary.

Because we conclude that plaintiffs did not prevail on the class definition questions and those issues were unrelated to their civil rights claims, we hold that counsel fees should not have been awarded under 42 U.S.C. § 1988.

### III.

Defendants also attack the correctness of the district court's award of fees and expenses for other services on two grounds. First, they argue that the district court employed a flat rate that was too high because it erroneously considered that the case had a contingency factor which, in fact, is no longer present.

■ This argument does not persuade us. Counsel had asked to be compensated at the rate of $70 per hour supporting his request with an affidavit that his customary charge was $75 per hour; the district court allowed fees at the $70 rate. It is true that the district court in discussing the twelve factors identified in *Anderson v. Morris,* 658 F.2d 246 (4 Cir.1981) and *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4 Cir.1978), did say, in rejecting defendants'

argument, that plaintiffs are more assured now than originally of recovering some fees, but the fee is still somewhat contingent because the amount to be recovered is not certain and defendants contest the requested award. The district court added, however, that the factor of contingency has less weight than it had originally. While we tend to disagree with the district court's appraisal of this factor, we agree that the contingency factor is of little significance. This is so because the district court first found that $70 per hour for attorney's time "is well within the range of charges customarily made in the area for similar work"[3] and this finding is not shown to be clearly erroneous. Moreover, the district court did not increase the hourly rate to compensate for any contingent nature of the fee. Thus we do not think that the hourly rate allowed by the district court should be disturbed.

Defendants' second ground of attack is that plaintiff's counsel were compensated for duplicative and unnecessary hours. The district court expressly found that the time spent by plaintiff's counsel was necessary and reasonable except for two hours of unaccounted-for telephone conversations. Nevertheless, because of the possibility that some of the time spent was duplicative or unnecessary, the district court reduced the number of compensable hours by 6⅔ percent.

From our examination of the record and giving effect to the substantial discretion vested in district courts in making fee awards, we see no basis on which to disturb the allowance.

We therefore affirm the allowance of fees and expenses for services other than litigating the two questions. Although counsel seem to be agreed on the time and expenses attributable to each aspect of the total award, we think it better to remand the case to the district court to recompute

---

3. The Supreme Court has recently ruled that the appropriate measure of "reasonable fees" under 42 U.S.C. § 1988 are calculated "according to the prevailing market rates in the relevant community ..." *Blum v. Stenson,* —— U.S. ——, ——, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), affirming in part and reversing in part 671 F.2d 493 (2 Cir.1981).

the award in conformity with the views expressed herein.

REVERSED IN PART; AFFIRMED IN PART AND REMANDED.